UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:14-cr-0085-JMS-DML |
| ) | |
| DUSTIN HOWARD PENNINGTON, ) | - 01 |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On June 4, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 22, 2019. Defendant Pennington appeared in person with his appointed counsel Joseph Cleary. The government appeared by Brad Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Pennington of his rights and provided him with a copy of the petition. Defendant Pennington orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Pennington admitted violation numbers 2, and 3. [Docket No. 72.] Government moved to dismiss violation number 1 and the same granted.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."** |
| | Mr. Pennington was before the Court for a revocation hearing on February 4, 2019. The Court modified his supervised release to include continuation and completion of MRT. Since his court appearance, Mr. Pennington has failed to appear for weekly MRT group on February 5, 12, 26, March 26, April 30, and May 7, 14, 21, 2019. His most recent drug use is considered a violation of the program rules. |
| 2 | **"The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment."** |
| | Mr. Pennington has failed to make regular payments toward his fine. He only made one $5.00 payment in 2019, and $40.00 in 2018. The balance of his fine is $380.00. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months with no supervised release to follow. Defendant requested placement at USP Big Sandy.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's

action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at USP Big Sandy.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 6/11/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system